## Lejeune *v.* Hebert.

One who purchases land, assuming to pay, as part of the price, a balance due by his vendor to the original owner who purchased with full knowledge of the existence of a servitude on the property, cannot withhold any part of the amount assumed, on the ground of a concealment by his immediate vendor of the existence of the servitude. There is no privity between the original vendor and the last purchaser; the latter must look to his immediate vendor.

APPEAL from the District Court of West Baton Rouge, *Penn*, J. *Greeves*, for the plaintiff. *W. E. Edwards*, for the appellant. The judgment of the court was pronounced by

ROST, J. This is the second appeal in this case; the first is reported in 2 An. p. 45. The evidence, for the admission of which it was remanded, is in the record, and the only question now before us is, whether the defendant is entitled to claim from the plaintiff a diminution of the price stipulated to be paid by him, on account of the alleged servitude. It was determined against the defendant in the first instance, and he appealed.

The act of the plaintiff and others, making a dedication for a public road

LEJEUNE
v.
HEBERT.

which was to pass over the land now held by the defendant, is under private signature, and bears date 5th September, 1840. The plaintiff sold the land to the widow *Leray* on the 9th of November, 1840, and,on the 5th of June, 1841, *Mrs. Leray* became a party to the act of dedication, and agreed to take the place of her vendor, *relativement au chemin qui fut abandonné par lui pour l'usage du public, le 5 Septembre,* 1840. From this statement it is manifest that there was no concealment by the plaintiff from his immediate vendee, and that he is entitled, against her, to the price stipulated in the sale. The record further shows that the act of dedication was recorded on the 2d day of September, 1842, and that, on the 6th of October, 1842, *Mrs. Leray* sold to the defendant, who assumed to pay, as part of the price, the sum remaining due to the plaintiff, and now claimed by him, under that stipulation in his behalf. The act of sale is silent as to the servitude.

If there was any concealment, it was by the last vendor, and she is alone responsible. There is no privity between the plaintiff and the defendant, and the latter has no just cause to withhold any portion of the sum claimed of her.

*Judgment affirmed.*